# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WISCONSIN

FILED/REC'D
2026 JAN -7 A 11: 51
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

**JAMES ARTHUR LUECKE and TALIA DELCARMEN LUECKE**,
Plaintiffs, pro se,

v.

**DAVID CASEY**, Secretary of the Wisconsin Department of Revenue, in his official capacity;
**HEATHER M. MORRISSEY**, in her official and personal capacities;
**SAUNDRA** (last name unknown), in her official and personal capacities;
**KRISTINE** (last name unknown), in her official and personal capacities;

Defendants.

Case No. 26-CV-014-WMC

# FEDERAL CIVIL RIGHTS EMERGENCY COMPLAINT

(42 U.S.C. § 1983)
**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This action arises from the **unlawful seizure and continued retention of Plaintiffs' private, FDIC-insured bank funds** by the Wisconsin Department of Revenue ("DOR"), executed without a warrant, court order, pre-deprivation hearing, or constitutionally valid levy enforcement instrument.
2. The seizure was carried out on Friday afternoon **October 3, 2025**, by **intentionally concealed state actors** who refused to identify themselves lawfully and legally or disclose the lawful and legal authorizing official, despite Plaintiffs' **clear, real-time assertion of their Fourth and Fourteenth Amendment rights** on a recorded "DOR" line, in the presence of a neutral bank officer.
3. Immediately after the seizure on **October 4, 2025** the alleged criminal conduct was reported to the Vilas County Sherriff and a report was filed.

4. After the seizure, Defendants **withheld all meaningful process**, refusing to provide either a pre-deprivation or prompt post-deprivation hearing, despite repeated written and oral notice that the unreasonable seizure had cut off funds necessary for **cardiology care following a heart attack, medical transportation liberties for prescription medications, medical treatment, safe housing including basic sustenance and safety**.
5. Defendant **Heather M. Morrissey**, a sworn state officer, **personally authored, authorized, and ratified** the **December 22, 2025 denial** of Plaintiffs' **emergency post-deprivation hearing**, despite actual notices of imminent medical risk, loss of subsistence, and ongoing constitutional violations.
6. Plaintiffs seek declaratory and prospective injunctive relief under **Ex parte Young**, as well as compensatory and punitive damages against Defendants in their personal capacities.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343**.

8. Venue is proper in the Western District of Wisconsin under **28 U.S.C. § 1391(b)** because all relevant events occurred in Vilas County, Wisconsin.

9. Plaintiffs do **not** challenge the validity or amount of any tax assessment. They challenge the **absence of constitutionally required process**, rendering the Tax Injunction Act inapplicable. *Hibbs v. Winn*, 542 U.S. 88, 104 (2004).

10. Sovereign immunity does not bar this action. Plaintiffs seek prospective relief for ongoing constitutional violations under **Ex parte Young**, 209 U.S. 123 (1908), and damages against Defendants in their personal capacities.

11. Oath-Based Allegation: Defendant Heather M. Morrissey, as a state officer, took an oath to support and defend the Constitution of the United States and the Constitution of the State of Wisconsin and to faithfully perform the duties of her office. Her knowing ratification of unconstitutional conduct after notice is relevant to intent, liability, and the unavailability of qualified immunity.

## PARTIES

12. Plaintiffs are Wisconsin adult residents, not infants and not in military whose private bank funds were restrained and seized.
13. Defendant **David Casey** is Secretary of the Wisconsin Department of Revenue, sued in his official capacity for prospective relief.

14. Defendant **Heather M. Morrissey** is a "DOR" official and state officer, sued in her official capacity for prospective relief and her personal capacity for damages.

Defendants **Saundra** and **Kristine** are "DOR" state officials sued in their official capacities for prospective relief and personal capacities for damages who executed the seizure while intentionally concealing their lawful and legal identities. Plaintiffs will amend upon disclosure through discovery or court order.

---

# DEFINITIONS

15. **"DOR"** means the Wisconsin Department of Revenue.
16. **"DHA"** means the Wisconsin Division of Hearings and Appeals.
17. **"Constitutionally Valid Levy Enforcement Instrument"** means an enforcement instrument that is legally, lawfully issued, authenticated, signed and verified and identifies the lawful and legal authorizing official and executing agents, is supported by a warrant, court order, or equivalent judicial process where required, provides constitutionally adequate notice and an opportunity to be heard (or a prompt post-deprivation hearing where exigency is claimed), and permits timely judicial review.

---

# TIMING OF THE SEIZURE

18. The seizure was further rendered unconstitutional by Defendants' deliberate selection of a **Friday afternoon execution time**, which functioned as an **ambush tactic** designed to and which in fact **foreclosed Plaintiffs' ability to obtain immediate judicial or administrative relief**. By executing the seizure late on a Friday, without a warrant, court order, or pre-deprivation hearing, while intentionally concealing agents lawful and legal identities and the lawful authorizing official, Defendants ensured that courts, clerks, and emergency hearing mechanisms were effectively unavailable, thereby preventing Plaintiffs from seeking same-day injunctive relief or emergency review.

# FACTUAL ALLEGATIONS

**A. The Seizure**

19. On Friday afternoon **October 3, 2025, at approximately 12:15 p.m.**, Defendants seized Plaintiffs' private, FDIC-insured bank funds at **Headwaters State Bank, Land O' Lakes, Wisconsin.**
20. The seizure was executed **without a warrant, court order, or pre-deprivation hearing**, and relied on a **facially defective, unsigned, unauthenticated and unverified levy enforcement instrument** that did not satisfy constitutional requirements.
21. Defendants "DOR" state officials **Saundra and Kristine while acting under the color of state law** intentionally concealed their lawful and legal identity, employee numbers, and the identity of the lawful and legal state authorizing official, despite repeated direct demands.
22. During the seizure, Plaintiff James Arthur Luecke **clearly and contemporaneously asserted his Fourth and Fourteenth Amendment rights in real time**, including demands for the lawful authorizing official and a hearing, and Fourth Amendment rights on an **"DOR" recorded telephone line of official record**, in the presence of bank officer **Katrina Lester**, who independently requested verification of proper legal identification and employee numbers on the recorded telephone line and official record.
23. Defendants refused to provide the requested information, preventing Plaintiffs from seeking immediate judicial relief.
24. The seizure froze, restrained funds required for **life-sustaining liberty of transportation for medical care, cardiology monitoring, prescription medications, subsistence, housing, food, and essential living needs.**
25. On **October 4, 2025**, the alleged criminal conduct, constitutional deprivations were promptly reported to the Vilas County Wisconsin Sheriff. And a copy of the Sheriff's report and alleged criminal and constitutional violations was sent to the "DOR" including state officer Heather M. Morrisey, and to the State Attorney General.
26. **October 25 2025**, Plaintiffs sent **Notice of the wrongful bank levy** enforcement instrument to "DOR", also filing a copy with Headwaters State Bank and gave Defendants until **November 2, 2025** to correct the defective unlawful levy enforcement instrument , although Defendants acknowledge receipt, Defendants never responded, complied or corrected the unlawful, legal defects and continued with callous and deliberate indifference with the unreasonable seizure of private bank funds without due process and relying upon a facially defective unsigned, unauthenticated, unverified enforcement instrument being executed by concealed, not lawfully or legaly identified state agents under the color of state law.

## B. Post-Deprivation Process Denied

27. On **November 12, 2025**, Plaintiffs submitted a **formal Expedited Emergency Relief Hearing Request** to the "DOR".

28. On **November 26, 2025**, "DOR" acknowledged receipt and represented that an emergency hearing was being scheduled.

29. No hearing was scheduled.

30. On **December 2, 2025**, Plaintiffs submitted a written request directly to **"DHA"** seeking emergency relief due to escalating health and safety risks.

31. On **December 3, 2025**, "DHA" responded they are aware of the emergency expedited petition for hearing but "DHA" and Wisconsin Tax Appeals Commission had no jurisdiction and that **"DOR" was responsible** for scheduling the hearing.

32. On **December 20, 2025**, Plaintiffs filed a **Notice of Continuing Constitutional Violations and Failure to Provide Emergency Post-Deprivation Hearing**, serving both **"DOR" and the Wisconsin Attorney General**, placing the State on actual notice of ongoing violations and imminent harm.

33. Despite this notice, and previous notice of the Sheriff report, on **December 22, 2025**, Defendant state officer Heather M. Morrissey acting under the color of state law and authority personally authored, authorized, and **ratified** the **denial of emergency relief** based upon color of law administrative language conclusionary assertions and willful blindness, callous and deliberate indifference to the **real asserted** imminent health safety and constitutional harms.

# CLAIM I – UNREASONABLE SEIZURE

(Fourth and Fourteenth Amendments – 42 U.S.C. § 1983)

## UNREASONABLE SEIZURE & SUBSTANTIVE DUE PROCESS

*(Fourth and Fourteenth Amendments – 42 U.S.C. § 1983)*

34. Plaintiffs incorporate all preceding paragraphs.

35. Defendants Saundra, Kristine acting under the color of state authority and law with callous deliberate indifference to Plaintiff's clearly established asserted rights, personally seized Plaintiffs' private bank funds without a warrant, court order, or hearing, using a **constitutionally invalid levy enforcement instrument;**

36. Defendants Saundra, Kristine personally also intentionally concealed lawful and legal identities and refused to disclose the lawful - legal authorizing official, this rendering the seizure unreasonable per se.

37. The seizure was arbitrary, capricious, and conscience-shocking, interfering with life-sustaining medical care and basic necessities.

38. Defendants are not entitled to qualified immunity, as no reasonable official or officer could believe such conduct lawful under clearly established constitutional standards. Defendants Saundra and Kristine's **intentional concealment of their lawful and legal identities, employee numbers, and the identity of the lawful, legal authorizing official** independently rendered the seizure unconstitutional and unreasonable.

38A. Defendants' seizure further violated the Fourth and Fourteenth Amendments because it was carried out **in express reliance upon a facially defective, unsigned, unauthenticated, unverified and constitutionally invalid levy enforcement instrument,** which failed to lawfully-legally identify the authorizing official, failed to lawfully-legally identify the executing agents, and was not supported by a warrant, court order, or equivalent judicial process. Reliance on a plainly deficient enforcement instrument renders a seizure unreasonable *per se.*

39. Plaintiffs suffered economic, physical, medical harm, emotional distress, and dignitary harm.

---

# CLAIM II – DENIAL OF PROCEDURAL DUE PROCESS

(Fourteenth Amendment – 42 U.S.C. § 1983)

40. Plaintiffs incorporate all preceding paragraphs.

41. Defendants deprived Plaintiffs of private property **without pre-deprivation process and without a prompt or meaningful post-deprivation hearing,** despite repeated requests, demands and notice of imminent harm.

---

# CLAIM III – DENIAL OF SUBSTANTIVE DUE PROCESS

(Fourteenth Amendment – 42 U.S.C. § 1983)

42. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

43. Defendant Heather M. Morrissey is a state office who, by virtue of her office, took an oath to support and defend the Constitution of the United States and the Constitution of the State of Wisconsin, and to faithfully perform the duties of her office in accordance with the rule of law.

44. Despite this oath, Defendant Morrissey personally while acting under the color of state law authored, authorized, and ratified the **December 22, 2025 denial** of Plaintiffs' **emergency post-deprivation hearing**, after Plaintiffs had provided repeated notice of:

- imminent medical risk,
- loss of basic subsistence, and
- ongoing violations of clearly established constitutional rights.

45. Defendant Morrissey's denial relied solely on color-of-law administrative language and conclusory procedural assertions, while willfully ignoring the asserted and documented imminent threats to Plaintiffs' health, safety, subsistence and survival, including the liberty of transportation for cardiology care and access to essential medications, medical treatment, and basic subsistence and housing.

> **45A.** Defendant Morrissey's personal authorship, authorization, and ratification of the December 22, 2025 denial of Plaintiffs' emergency post-deprivation hearing, **after actual notice of imminent medical risk, loss of subsistence, and ongoing constitutional violations,** constituted a knowing continuation of an unlawful deprivation and an affirmative misuse of state authority. Where a state official, with actual knowledge of constitutional defects and imminent harm, **ratifies and perpetuates an unlawful deprivation,** such conduct violates substantive due process and is actionable under § 1983. Defendant Morrissey's reliance on conclusory administrative language to deny emergency relief, while consciously disregarding documented medical necessity, real-time asserted rights, and a seizure executed without a warrant, court order, or constitutionally valid levy enforcement instrument, was not a discretionary judgment but a **knowing constitutional breach.** Under clearly established law, no reasonable state official could believe such conduct lawful, and qualified immunity is therefore unavailable

46. As a direct and proximate result of Defendant Morrissey's actions, Plaintiffs suffered physical injury, emotional distress, loss of subsistence, and severe dignitary and constitutional harm.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and grant the following relief:

## A. Declaratory Relief

1. A declaration that Defendants' warrantless seizure and continued retention of Plaintiffs' private, FDIC-insured bank funds, executed under concealment, without a warrant, court order, pre-deprivation hearing, and in trespass of Plaintiff's contemporaneous verbal asserted constitutional rights and/or using a constitutionally invalid levy enforcement instrument, violates the **Fourth and Fourteenth Amendments** to the United States Constitution;
2. A declaration that Defendant **Heather M. Morrissey's personal authorship, authorization, and ratification of the December 22, 2025, denial of emergency post-deprivation relief**, after actual notice of imminent medical risk, loss of subsistence, and ongoing constitutional violations, **violated Plaintiffs' substantive and procedural due process rights**, violates the Fourteenth Amendment to the United States Constitution as alleged in **Claim III**;

## B. Emergency and Prospective Injunctive Relief

3. An order requiring Defendants to **immediately release all unlawfully seized funds**;
4. A permanent injunction prohibiting Defendants from enforcing any levy or seizure against Plaintiffs absent:
    - a constitutionally valid levy enforcement instrument,
    - lawful identification of executing agents and authorizing officials, and
    - constitutionally adequate notice and an opportunity to be heard;
5. An order compelling Defendants to provide a **prompt, meaningful, and constitutionally sufficient post-deprivation hearing**, consistent with due process, before any future deprivation.
6. Prospective injunctive relief against Defendant **David Casey** and Defendant **Heather M. Morrissey**, in their official capacities, under *Ex parte Young*, to prevent further ongoing constitutional violations;

### C. Individual-Capacity Damages (No Qualified Immunity)

7. An award of **compensatory damages** against Defendants Saundra, Kristine, and Defendant Heather M. Morrissey, in their individual capacities, for:
   - economic loss,
   - physical and medical injury,
   - emotional distress,
   - loss of subsistence,
   - loss of liberty, and
   - dignitary and constitutional harm;
8. An award of **punitive damages** against Defendants Saundra, Kristine, and Defendant Heather M. Morrissey, in their individual capacities, for their callous, deliberate indifference and knowing ratification of unconstitutional conduct, as alleged in **Claim I and Claim III, including** ;
9. An award of **nominal damages** for the violation of Plaintiffs' clearly established constitutional rights, regardless of the amount of actual damages proven;

### D. Ancillary and Equitable Relief

10. Restitution and disgorgement of all funds wrongfully seized and retained;
11. Pre-judgment and post-judgment interest as permitted by law;
12. Costs of suit and any other relief to which Plaintiffs may be entitled under 42 U.S.C. § 1988 or other applicable law;

### E. General Relief

13. Such other and further legal, equitable, or injunctive relief as the Court deems just, proper, and necessary to remedy the ongoing constitutional violations described herein.

### Reservation of Rights

Plaintiffs expressly **reserve all rights**, waive none, and reserve the right to amend this Complaint as additional facts and evidence become known.

# VERIFICATION

I declare, state that the forgoing is true and correct executed under penalty of perjury pursuant to **28 U.S.C. § 1746** this 1st day of January 2026 at Land O' Lakes Wisconsin.

*[signatures]*

James Arthur Luecke, Talia DelCarmen Luecke .


P.O. Box 131 Land O' Lakes Wisconsin 54540    414-828-9658
*Pro Se*