IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ARTHUR LUECKE and
TALIA DELCARMEN LUECKE,

                Plaintiffs,

   v.

DAVID CASEY, Secretary of the Wisconsin
Department of Revenue, in his official capacity;
HEATHER M. MORISSEY, in her official and
personal capacities; SAUNDRA (last name unknown),
in her official and personal capacities; and KRISTINE
(last name unknown), in her official and personal
capacities,

                Defendants.

OPINION AND ORDER

26-cv-14-wmc

---

Plaintiffs James Arther Luecke and Talia DelCarmen Luecke, who are representing themselves, have filed a civil rights complaint against David Casey, in his official capacity as Secretary of the Wisconsin Department of Revenue, Heather M. Morrissey, in her personal and official capacity, and two other defendants identified by their first names only as Saundra and Kristine, in their personal and official capacities. (Dkt. #1.) Plaintiffs have also filed an emergency motion for an *ex parte* temporary restraining order. (Dkt. #2.) Pursuant to W.D. Wis. Administrative Order 421, the court is required to confirm subject matter jurisdiction before issuing summons. (Dkt. #3.) For reasons explained below, the court confirms that plaintiffs satisfy the federal-question statute and that jurisdiction is proper under 28 U.S.C. § 1331. Accordingly, the clerk's office shall issue and plaintiffs may serve a subpoena on defendants along with their complaint, motion for TRO, and this opinion and order. However, plaintiffs are not entitled to a temporary restraining order.

ALLEGATIONS OF FACT[1]

Plaintiffs James Arthur Luecke and Talia DelCarmen Luecke (the "Luecke's") are a married couple who reside in Land O'Lakes, Wisconsin. Defendant David Casey is the Secretary of the Wisconsin Department of Revenue ("DOR"). Defendant Heather M. Morrisey is an attorney who works in the DOR Office of General Counsel. Defendants Saundra and Kristine, whose last names are unknown to plaintiffs at this time, work for DOR in an unspecified capacity.

Shortly after noon on October 3, 2025, Saundra and Kristine seized funds belonging to the Luecke's from Headwaters State Bank, which is a federally insured financial institution located in Land O'Lakes. According to the Luecke's, Saundra and Kristine refused repeated requests for their "lawful and legal identity, employee numbers, and the identity of the lawful and legal state authorizing official[.]" The Luecke's contend that the seizure was executed "without a warrant, court order, or pre-deprivation hearing," and in reliance upon a "facially defective, unsigned, unauthenticated and unverified levy enforcement instrument that did not satisfy constitutional requirements."

On October 4, 2025, the Luecke's reported the unlawful seizure to the Vilas County Sheriff's Office. The Luecke's then sent a copy of the Sheriff's report to the DOR, Morrissey, and the Wisconsin Attorney General.

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Unless otherwise indicated, the facts in this section, which are taken from the complaint (dkt. #1), the supplemental declaration from Mr. Luecke (dkt. #4), and supporting exhibits (dkt. #4-1), are assumed to be true for purposes of this order.

2

On October 25, 2025, the Luecke's sent notice of the "wrongful bank levy enforcement instrument" to DOR, and gave the agency until November 2, 2025, to correct the error. "Defendants" reportedly acknowledged receipt of the notice, but did not respond, and have retained the Luecke's funds.

The seizure apparently stems from an adverse decision against the Luecke's by the Wisconsin Tax Appeals Commission. According to a corrected ruling and order dated October 22, 2025, the Luecke's filed a petition for review from two Notices of Office Audit Amount Due by the DOR, one for tax year 2019 for the amount of $4,883.11, and one for tax years 2021 and 2022 for the amount of $530.74.[2] The Luecke's filed petitions for redetermination, which the DOR denied in a Notice of Action dated June 20, 2024, advising the Luecke's that they had 60 days to file a petition for review with the Tax Appeals Commission. After the Luecke's filed a petition for review on October 1, 2024, Morrissey, who represented DOR during these proceedings, filed a motion to dismiss the petition for review as untimely filed. The Tax Appeals Commission granted that motion after finding the Luecke's did not file their petition for review within 60 days after the DOR's Notice of Action as required by law. In their order, the Tax Appeals Commission advised the Luecke's of their right to appeal by: (1) filing a petition for rehearing before the Tax Appeals Commission within 20 days; or (2) filing a petition for judicial review in

---

[2] A court may take judicial notice of matters in the public record, including pleadings and orders in previous court cases. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (collecting cases). The court takes judicial notice of the October 22, 2025 order, which is a corrected version of a previous order that issued on March 26, 2025, and was re-issued to provide the appeal options available to the parties. The order in Docket No.24-I-211 is available on the State of Wisconsin Tax Appeals Commission website at https://taxappeals.wi.gov (last accessed Jan. 12, 2026).

3

the appropriate circuit court within 30 days.

The Luecke's did not file an appeal using either procedure outlined by the Tax Appeals Commission in its October 22, 2025 order.  Instead, seeking to obtain an emergency administrative hearing to recover their seized funds, the Luecke's contacted the Tax Appeals Commission and were told by unidentified staff to file their emergency request with the DOR directly.  And so, on November 12, 2025, the Luecke's submitted a formal request for an expedited administrative hearing with the DOR.  After no hearing was scheduled, the Luecke's submitted a direct request to the Wisconsin Division of Hearings and Appeals ("DHA") on December 2, 2025.[3]  The following day, DHA reportedly advised the Luecke's that neither DHA nor the Tax Appeals Commission had jurisdiction, and that DOR was responsible for scheduling any hearing.

On December 20, 2025, the Luecke's served a "Notice of Continuing Constitutional Violations and Failure to Provide Emergency Post-Deprivation Hearing" on both DOR and the Wisconsin Attorney General.  On December 22, 2025, Morrissey responded in writing to the Leuke's November 12 request for an expedited administrative hearing, stating that DOR would not be scheduling such a hearing because the Luecke's had failed to follow the Tax Appeals Commission's instructions for filing an appeal, which were provided to them in the order dated October 22, 2025.  (Dkt. #4-1, at 1-3.)

Subsequently, on January 7, 2026, the Luecke's filed their civil rights complaint in

---

[3] The DHA is a quasi-judicial, independent entity created to hold administrative hearings for selected state agencies.  *See* State of Wisconsin, Department of Administration website, at https://doa.wi/gov/Pages/About DOAHearings And Appeals.aspx (last accessed Jan. 12, 2026).

this case against the defendants under 42 U.S.C. § 1983, alleging that their bank funds were seized in violation of the Fourth Amendment to the U.S. Constitution and that they were also denied both substantive and procedural due process under the Fourteenth Amendment. Citing Mr. Luecke's health issues and the need for financial resources to ensure reliable transportation to and from medical appointments, the Luecke's request a temporary restraining order to enjoin defendants from retaining their seized bank funds and seek immediate release of those funds. (Dkt. #2, at 3.)

OPINION

I. Subject Matter Jurisdiction

As an initial matter, the court must satisfy itself that jurisdiction exists. Here, plaintiffs allege that the defendants wrongfully seized their funds in violation of the Fourth Amendment and the Fourteenth Amendment. This allegation, which is presumed true for purposes of jurisdictional review, is arguably actionable under 42 U.S.C. § 1983, which imposes liability on any "person" who, acting under color of state law, violates the Constitution or federal law. *Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024). Thus, plaintiffs meet the criteria for federal-question jurisdiction under 28 U.S.C. § 1331. *See Bell v. Hood*, 327 U.S. 678, 681-85 (1946) (A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States.). Having confirmed subject matter jurisdiction in this case, the court will direct the clerk of court to issue summons, which plaintiffs will be responsible for serving in compliance with Federal Rule of Civil Procedure 4.

**II. Plaintiffs' Motion for a TRO**

Plaintiffs seek an *ex parte* temporary restraining order in the form of an injunction requiring the immediate return of their seized funds and prohibiting defendants from "further enforcement actions absent a constitutionally valid levy enforcement instrument and due process." (Dkt. #2, at 3.)  Injunctive relief is "an exercise of very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021).  To obtain such extraordinary relief, the party seeking the preliminary injunction carries the burden of persuasion by a clear showing.  *See id.*; *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  Specifically, a plaintiff seeking a preliminary injunction must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council Inc.*, 555 U.S. 7, 20 (2008).

It is evident from the pleadings, the exhibits, and available public records that plaintiffs were involved in administrative proceedings with the DOR before their funds were seized.  As a result, it appears that plaintiffs had at least some notice of a problem and an opportunity to be heard, even if they failed to avail themselves of that opportunity properly or were otherwise unable to raise additional objections, which they do not describe.  Likewise, to the extent that plaintiffs claim their funds were seized pursuant to a facially invalid levy enforcement instrument, they do not provide a copy of that instrument or establish its invalidity.  Accordingly, plaintiffs' motion for a temporary restraining order must be denied because they do not provide enough detail or evidentiary

6

support establishing that they are likely to succeed on the merits of their claims.  Should plaintiffs believe that they can establish these things, they may still bring a motion for preliminary injunction consistent with the requirements of this court, which are attached.

ORDER

IT IS ORDERED that:

1) Having confirmed that subject matter jurisdiction exists under 28 U.S.C. § 1331, the clerk of court is directed to issue summons and extend plaintiffs' deadline for service accordingly.

2) Plaintiffs will be responsible for serving the complaint and summons pursuant to Federal Rule of Civil Procedure 4.

3) Plaintiffs motion for a temporary restraining order (dkt. #2) is DENIED.

Entered this 13th day of January, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge