IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ARTHUR LUECKE and
TALIA DELCARMEN LUECKE,

                    Plaintiffs,                          OPINION AND ORDER

          v.                                             26-cv-14-wmc

DAVID CASEY, Secretary of the Wisconsin
Department of Revenue, in his official capacity;
HEATHER M. MORRISSEY, in her official and
personal capacities; SAUNDRA (last name unknown),
in her official and personal capacities; and KRISTINE
(last name unknown), in her official and personal
capacities,

                    Defendants.

---

Invoking 42 U.S.C. § 1983, plaintiffs James Arthur and Talia DelCarmen Luecke are representing themselves in this civil rights lawsuit against defendants David Casey, sued in his official capacity as Secretary of the Wisconsin Department of Revenue ("DOR"), and three other DOR employees, in their official and personal capacities, all arising out of the levy of bank funds seized by the DOR to satisfy an unpaid, state income tax assessment. (Dkt. #1.)  In response, defendants have filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on grounds of sovereign immunity, federal-state comity principles, and the Tax Injunction Act.  (Dkt. #24.)  Plaintiffs subsequently filed an omnibus reply, as well as their own motion for affirmative relief.  (Dkt. #29.)  They have also moved to strike certain evidence submitted by defendants regarding underlying state proceedings leading to the bank levy.  (Dkt. #32.)  For the reasons explained below, the court will grant defendants' motion and dismiss this action.

BACKGROUND

The Lueckes are Wisconsin residents. Defendant David Casey is the current DOR Secretary, while Heather M. Morrissey is employed by the DOR as an in-house attorney. Two other DOR employees are listed as defendants, though only identified by their first names, "Saundra" and "Kristine." The Lueckes allege that on October 3, 2025, Saundra and Kristine, personally and officially on behalf of the DOR, seized funds belonging to them from their account at Headwaters State Bank. The Lueckes further claim that this seizure of funds was executed "without a warrant, court order, or pre-deprivation hearing," and in reliance upon a "facially defective, unsigned, unauthenticated and unverified levy enforcement instrument that did not satisfy constitutional requirements." More specifically, plaintiffs claim that their bank funds were seized in violation of the Fourth Amendment to the U.S. Constitution and their substantive and procedural due process rights under the Fourteenth Amendment. Finally, the Lueckes seek: (1) declaratory and injunctive relief against all defendants, including the entry of a court order requiring them to refund the seized funds immediately and prohibiting them from enforcing any tax levy against them in the future unless consistent with due process; and (2) compensatory and punitive damages against defendants Morrissey, Saundra, and Kristine for actions undertaken during the state administrative proceedings and the resulting bank levy to collect an unpaid tax deficiency.

Along with their motion to dismiss, defendants proffer evidence showing that on December 29, 2023, the DOR sent the Lueckes two "Notices of Amount Due," advising

2

them of the additional taxes due for their 2019 and 2021-22 tax years.[1]  (Nelson Decl. (dkt. #26) ¶ 4.)  The Notices also explained that these additional tax debts were calculated for those three years based on adjustments made by the DOR (a) after accounting for previously unreported pension and annuity income, (b) to allow for a Schedule-C loss claimed on one of their federal returns but not reported on their state returns, (c) to reflect the correct tax on unemployment compensation, and (d) to allow for a capital loss.  (*Id*.)

The State of Wisconsin affords aggrieved taxpayers with a method to challenge an income tax assessment by (1) filing an administrative appeal to the DOR, and (2) if that appeal is unsatisfactory, then appealing to the Wisconsin Tax Appeals Commission.  Wis. Stat. § 71.88.   While the Lueckes did just that, the DOR and Wisconsin Tax Appeals Commission denied their appeals because of their failure to provide sufficient evidence to show that the DOR adjustments were incorrect.  (*Id*. at ¶¶ 5-6, ¶ 9.)  Defendant Morrissey represented DOR during those state proceedings and on March 26, 2025, plaintiffs' appeal from these denials pending in Wisconsin Tax Appeals Commission was formally dismissed on DOR's motion as untimely filed.  (*Id*. at ¶ 11.)  Plaintiffs did not appeal further.

---

[1] As noted, plaintiffs move to strike the declaration and related Exhibit 1004, which is the Notice of Levy issued by the DOR on October 3, 2025, on the grounds that this court's review of defendants' motion to dismiss is limited solely to the allegations in their Complaint.  (Dkt. #32.)  For reasons explained below, however, the court *is* authorized to consider this evidence to the extent that it relates to defendants' motion to dismiss for lack of subject matter jurisdiction.  Likewise, a motion to dismiss for failure to state a claim may be accompanied by documents "that are critical to the complaint and referred to in it," provided the information "is subject to proper judicial notice," *Kuebler v. Vectren Corp*., 13 F.4th 631, 636 (7th Cir. 2021), including the allegedly "facially defective, unsigned, unauthenticated and unverified levy enforcement instrument" that plaintiffs purport to have been executed on October 3, 2025. (Dkt. #1, ¶¶ 19-20.)  Accordingly, the motion to strike will be denied.

After dismissal, the DOR next sent a letter to the Lueckes, updating their ongoing tax liability.  (*Id*. at ¶ 12.)  In particular, on June 6, 2025, the DOR's Compliance Unit sent the Lueckes a notice of overdue balance, which included information about how to pay, including payment plan options.  (*Id*. at ¶ 13.)  That notice further explained any remaining unpaid tax liabilities could result in the levying of a bank account unless payment was made.  (*Id*.)  When the Lueckes still had made zero payments on their outstanding tax liabilities some four months later, the DOR proceeded to issue plaintiffs a Notice of Levy on October 3, 2025, informing them that the DOR had placed a levy on their bank account for the liability amount as authorized by Wis. Stat. § 71.91(6).  (*Id*. at ¶ 14.)  That same day, Mr. Luecke called the DOR from the bank.  (*Id*.)  After speaking with Mr. Luecke and the bank, the DOR agreed to reduce the levy amount in light of his financial circumstances.  (*Id*.)

Finally, on October 22, 2025, the Wisconsin Tax Appeals Commission issued a Corrected Ruling and Order in the Lueckes' appeal case, indicating that the process to appeal further would restart due to a procedural error.[2]  (*Id*. at ¶ 15.)  Although the Lueckes were given instructions for pursuing a further appeal, including the need to file a rehearing request before the Commission, they did not file one within the time allowed.  (*Id*. at ¶ 16.)

---

[2] This court may also take judicial notice of matters in the public record, including pleadings and orders in previous court cases. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (collecting cases).  Here, the court takes judicial notice of the October 22, 2025 order, which is a corrected version of the dismissal order issued on March 26, 2025, and re-issued to make plaintiffs aware of their appeal options.  The order is available on the State of Wisconsin Tax Appeals Commission website at https://taxappeals.wi.gov in Docket No. 24-I-211 (last accessed April 27, 2026).

OPINION

Defendants move to dismiss under both Rule 12(b)(1) and Rule 12(b)(6). Motions under Rule 12(b)(1) test a court's subject matter jurisdiction. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive that motion, the plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014). In determining whether plaintiffs' allegations as to jurisdiction are adequate, the court accepts "as true all well-pleaded factual allegations, and draw[s] reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). However, where external facts call the court's jurisdiction into question, it may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (citation and internal quotations omitted).

While plaintiffs' initial pleading alleges subject matter jurisdiction based on defendants' violations of their federal constitutional rights under the Fourth and Fourteenth Amendments, suggesting potential liability under 42 U.S.C. § 1983, additional facts of record properly considered now definitely show that this court lacks subject matter jurisdiction over plaintiffs' specific claims for the reasons identified by defendants and discussed more fully below. For these same reasons, the court need not, indeed cannot, reach defendants' alternative grounds to dismiss under Rule 12(b)(6).

## I.  State Sovereign Immunity

As defendants first point out, state sovereign immunity bars plaintiffs' suit against

5

all four defendants in their official capacity as state employees.  *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996) (Eleventh Amendment bars suits by citizens against unconsenting states in federal court).  In particular, the Eleventh Amendment also protects against suits for monetary relief against arms of the state, including state agencies, state officials and state employees to the extent acting in their official capacity.  *Barnes v. Bd. of Trustees of Univ. of Illinois*, 946 F.3d 384, 391 (7th Cir. 2020); *Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010).

Although there is a limited exception for claims seeking prospective injunctive relief to remedy an ongoing violation of federal law recognized in *Ex parte Young*, 209 U.S. 123 (1908), that exception does not apply here as the complaint focuses on past constitutional violations (the levy of their bank account).  *See MCI Telecomm. Corp. v. Illinois Bell Tel. Co.*, 222 F.3d 323, 345 (7th Cir. 2000) ("The plaintiff must allege that the officers are acting in violation of federal law, and must seek prospective relief to address an ongoing violation, not compensation or other retrospective relief for violations past.") (quoting *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 298-99 (1997) (Souter, J., dissenting)).  Even though plaintiffs appear to also seek prospective injunctive relief, their claims against defendants still require dismissal for reasons discussed further below under the doctrine of comity and the Tax Injunction Act.

Since there is no dispute that each of the named defendants is a state employee and the State of Wisconsin has not given its consent to suit nor has Congress ever abrogated the states' immunity to suit under the civil rights statutes, *Weinberger v. State of Wis.*, 906 F. Supp. 485, 491 (W.D. Wis. 1995), plaintiffs' claims against the defendants in their

6

official capacity must be dismissed for lack of jurisdiction as barred by the Eleventh Amendment.

## II. Comity

As defendants also assert, plaintiffs' suit is also barred by principles of federal-state comity since a court ruling on their Fourth and Fourteenth Amendment claims would necessarily require this federal court to comment on actions taken by a state agency to collect a delinquent state tax debt when state remedies were available. "The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010). In particular, under this doctrine, federal district courts are generally directed to abstain from considering suits seeking damages arising out of the *administration of a state tax scheme*. *See Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 115-16 (1981) ("We consider such interference [into state operations] to be contrary to 'the scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts.'") (quoting *Matthews v. Rodgers*, 284 U.S. 521, 525 (1932)). This includes claims for monetary damages against state officials who allegedly violated the law in administering a state's tax scheme. *Hoffer v. Ancel*, 32 F. App'x 593, 597 (2d Cir. 2002) (citing *Bernard v. Vill. of Spring Valley*, 30 F.3d 294, 297-98 (2d Cir. 1994)).

Thus, comity requires state taxpayers seeking damages to pursue relief in state administrative proceedings and state courts, assuming that those remedies are "plain, adequate, and complete." *Fair Assessment in Real Estate*, 454 U.S. at 116. Here, plaintiffs had express remedies to challenge their underlying tax assessment under Wis. Stat. § 71.88,

7

and they did so by filing an appeal with the DOR.  (Nelson Decl. (dkt. #26) ¶¶ 6-9.) Although the DOR denied their initial appeal on the merits, the plaintiffs could have appealed DOR's decision further still, first by requesting a hearing before the Wisconsin Tax Appeals Commission and then to a state court under Wis. Stat. § 73.015(2). Moreover, the state court would consider, among other things, constitutional challenges to the agency's decision under Wis. Stat. § 227.57(8).

Thus, as defendants correctly note, Wisconsin provides a remedy for taxpayers to raise constitutional challenges in connection with tax assessments.  *See Telemark Dev., Inc. v. Dep't of Revenue*, 218 Wis. 2d 809, 581 N.W.2d 585 (Ct. App. 1998); *see also Milewski v. Town of Dover*, 2017 WI 79, 377 Wis. 2d 38, 899 N.W.2d 303 (due process and Fourth Amendment challenges to a tax assessment and the manner in which it was imposed); *Schmidt v. Reiff*, 2022 WI App 7, 970 N.W.2d 567, 2021 WL 2945595 (Ct. App. July 14, 2021) (due process and equal protection challenges to a DOR levy against a bank account to collect a delinquent debt).  Ultimately, plaintiffs could even appeal for certiorari review by the United States Supreme Court, meaning that even a federal forum in not completely foreclosed.  Regardless, plaintiffs have a "plain, adequate, and complete" state remedy to address their claims, principles of comity preclude plaintiffs' claims for damages against the defendants under § 1983.

## III. The Tax Injunction Act

Finally, defendants correctly identify another hurdle to this court's consideration of plaintiffs request for declaratory and injunctive relief that would require the state to refund money levied to collect an outstanding tax debt or to enjoin the state from utilizing its tax

collection laws against them in the future -- Congress's enactment of the Tax Injunction Act ("TIA"). Indeed, the TIA often overlaps with the comity doctrine where taxes are concerned. *City of Fishers, Ind. v. DIRECTV*, 5 F.4th 750, 753 (7th Cir. 2021).

Specifically, the TIA states that:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. Moreover, this "statute's coverage is broad; it deprives district courts of jurisdiction over suits seeking injunctive and declaratory relief from all state taxes, including municipal and local taxes." *Ghelf v. Town of Wheatland*, 132 F.4th 456, 466 (7th Cir. 2025). The TIA has also been held to preclude suits for monetary damages against state department of revenue employees for failure to follow proper procedures, as those "would have many of the same detrimental effects that actions for tax refund, declaratory, or injunctive relief would have." *A Bonding Co. v. Sunnuck*, 629 F.2d 1127, 1133 (5th Cir. 1980); *see also Kelly v. Ala. Dep't of Rev.*, 638 F. App'x 884, 890-91 (11th Cir. 2016) (same). Simply put, the TIA "prevents taxpayers from running to federal court to stymie the collection of state taxes" unless the taxpayer lacks an adequate remedy. *See Wright v. Pappas*, 256 F.3d 635, 636 (7th Cir. 2001) (a taxpayer suit challenging the mode of collection and seeking, in effect, a refund of state taxes is barred by the TIA and principles of comity).

Further, the Supreme Court has explained that the "plain, adequate, and complete" requirement under a comity analysis is identical to the "plain, speedy and efficient" requirement under the TIA. *Fair Assessment in Real Estate*, 454 U.S. at 116 n.8. To satisfy

9

this requirement a state remedy need only meet "certain minimal procedural criteria" by providing a "'full hearing and judicial determination' at which [the taxpayer] may raise any and all constitutional objections to the tax." *Rosewell v. La Salle Nat'l Bank*, 450 U.S. 503, 512-14 (1981) (citation omitted).  As already outlined above, Wisconsin affords just such a remedy for taxpayers to challenge tax assessments, including constitutional claims, which is why the Seventh Circuit has previously held that Wisconsin "provides a 'plain, speedy and efficient' remedy for taxpayers seeking to challenge Wisconsin taxes." *Ghelf*, 132 F.4th at 467 (citing *Darne v. Wisconsin*, 137 F.3d 484, 489-90 (7th Cir. 1998)); *see also Domínguez-Schugt v. Wisconsin*, No. 18-cv-231-jdp, 2019 WL 764611, at *1 (W.D. Wis. Feb. 21, 2019); *Hansen v. Wis. Dep't of Revenue*, No. 06-cv-290-bbc, 2006 WL 1589648, at *3 (W.D. Wis. June 5, 2006).  "If the state has made available a suitable remedy, that defeats federal jurisdiction [under the TIA] even though the taxpayer has failed to take advantage of it and it is too late now to do so."  17A Wright, Miller, Cooper & Amar's Federal Practice & Procedure: Jurisdiction § 4237 (3d 2007).  Consequently, the relief sought by plaintiffs is also barred by the TIA.  For all of the foregoing reasons, therefore, this federal lawsuit must be dismissed.

ORDER

IT IS ORDERED that:

1) Defendants' motion to dismiss (dkt. #24) is GRANTED and this federal action is DISMISSED without prejudice for lack of subject matter jurisdiction.

2) Plaintiffs' motion to strike (dkt. #32) is DENIED.

3)  Plaintiffs' motions to expedite (dkt. #23) and for relief (dkt. #29) are DENIED AS MOOT.

Entered this 7th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge