IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

JAMES ARTHUR LUECKE and
TALIA DELCARMEN LUECKE,

     Plaintiffs,                                ORDER

     v.                                    26-cv-14-wmc

DAVID CASEY, Secretary of the Wisconsin
Department of Revenue, in his official capacity;
HEATHER M. MORRISSEY, in her official and
personal capacities; SAUNDRA (last name unknown),
in her official and personal capacities; and KRISTINE
(last name unknown), in her official and personal
capacities,

     Defendants.

_____

Representing themselves, plaintiffs James and Talia Luecke filed suit against several individual defendants employed by the Wisconsin Department of Revenue ("DOR"), concerning efforts to collect delinquent state taxes. On May 7, 2026, the court granted defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Dkt. ##34-35.) Plaintiffs have now filed motions for relief from the judgment pursuant to Fed. R. Civ. P. 59(e), 60(b)(4), and 60(b)(6), noting that the U.S. Treasury Department recently seized additional funds to collect delinquent state taxes on DOR's behalf by intercepting their federal tax refund under the "Treasury Offset Program." (Dkt. ##36-37.) The motions for relief from the judgment are DENIED. Plaintiffs have neither shown that the dismissal order was entered in error, nor provided any legal authority supporting finding that this court can exercise subject matter jurisdiction over:

1

their claims against the defendants; or any new claim concerning the seizure of their federal tax refund.  *See Shadoan v. U.S.*, No. 20-cv-2538, 2021 WL 5235112, at *3 (S.D. Ind. Nov. 8, 2021) ("[O]nce a tax refund has been reduced by an amount to pay a federal agency or a state taxing authority, the district court lacks subject matter jurisdiction to review Plaintiffs' claim.") (citing 26 U.S.C. § 6402(g); *Ivy v. Comm'r of the Internal Revenue Serv.*, 197 F. Supp. 3d 139, 142 (D.D.C. 2016), *aff'd*, 877 F.3d 1048 (D.C. Cir. 2017)). Moreover, plaintiffs do not otherwise establish that their federal tax refund was seized without adequate due process for reasons articulated by the defendants.  (Dkt. #42, at 2-3.)  Finally, for these reasons, plaintiffs' motion for a settlement conference or referral to alternative dispute resolution (dkt. #39) is also DENIED.

Entered this 13th day of May, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

2